IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-cr-62-ECM |
| | ) | [WO] |
| STEVEN SANDOR SILAS, *et al.* | ) | |

**MEMORANDUM OPINION and ORDER**

**INTRODUCTION**

Now pending before the Court is the Government's unopposed motion to continue trial, (doc. 371), which the Court construes as containing a motion to seal. Jury selection and trial are presently set on December 7, 2026, in Dothan. On December 10, 2026, the Court held a status conference to discuss the motion. Counsel for the Government, Defendant Brian Thomas Kirkpatrick ("Kirkpatrick"), Defendant George Ray Horace ("Horace"), Defendant Andrew Curtis Neel ("Neel"), and Defendant Gregory Moore ("Moore") participated in the status conference. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7). Additionally, for the reasons stated on the record at the status conference and those discussed below, jury selection and trial will occur in Montgomery, and the jury venire will be pulled from the Northern Division.

**LEGAL STANDARDS**

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice" or "would deny . . . the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

"In criminal actions, the constitutional unit of venue is the district, not the division. Moreover, the trial judge has broad discretion in determining whether transfer is warranted." *United States v. Alvarado*, 647 F.2d 537, 539 (5th Cir. Unit A June 1981).[1] Federal Rule of Criminal Procedure 18 provides that "[t]he court shall fix the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Security matters "clearly fall within th[e] consideration" of the "prompt administration of justice." *United States v. Merrill*, 513 F.3d 1293, 1304 (11th

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Cir. 2008) (citation omitted), *abrogated on other grounds by Ruan v. United States*, 142 S. Ct. 2370 (2022).

## DISCUSSION

In its motion to continue, the Government represents to the Court that additional time is needed because the lead attorney for the Government recently began maternity leave, and another attorney for the Government needs additional time to prepare for trial given the complexity of this multidefendant conspiracy case. The Defendants do not oppose a continuance. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial.

Given the Government's representations in its motion to continue, the Court *sua sponte* raised the issue of whether it would be appropriate to transfer the jury selection and trial of this matter to the Northern Division, and if so, the appropriate division from which the jury venire should be pulled. These matters were discussed at the November 10, 2026 status conference. Of the remaining Defendants, only Moore intends to go to trial.[2] Counsel for the Government and counsel for Moore each represented that he had no objection to transferring jury selection and trial to Montgomery or to pulling the jury venire from the

---

[2] Counsel for Defendant Steven Sandor Silas ("Silas") was excused from participating in the status conference because Silas filed a notice of intent to change plea. Additionally, counsel for Kirkpatrick and counsel for Horace represented to the Court that Kirkpatrick and Horace will plead guilty. To the extent these Defendants enter pleas of guilty and are adjudicated guilty, they likely would not be affected by a change in the location of the trial or the division from which the venire is pulled. As of entry of this Order, however, they are still set for trial on December 7, 2026, in Dothan. Additionally, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Neel has since pleaded guilty and is set for sentencing, so his position on these issues is now moot.

Northern Division. For the reasons stated at the status conference, the Court finds that the prompt administration of justice would be better served by conducting jury selection and trial in the Northern Division due to the security and space limitations of the Southern Division courthouse. Additionally, considering the convenience of the venire members, the Court finds that the jury venire is due to be pulled from the Northern Division.

## CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The motion to seal is GRANTED;

2. The motion to continue (doc. 371) is GRANTED as to all Defendants, and jury selection and trial are CONTINUED from December 7, 2026, and are SPECIALLY SET on **March 8, 2027 at 10:00 a.m.** in **Montgomery**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

3. The jury venire shall be pulled from the Northern Division.

The United States Magistrate Judge shall conduct a pretrial conference prior to the March trial setting.

DONE this 13th day of November, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE